Andrew M. Jacobs, Esq.
Nevada Bar No. 12787
Wayne Klomp, Esq.
Nevada Bar No. 10109
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: ajacobs@swlaw.com
wklomp@swlaw.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS DEVELOPMENT GROUP LLC; DOES 1 through 10; and ROE BUSINESS ENTITIES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:16-cv-00223-GMN-VCF<br><br>**STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** |

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), and Defendant Las Vegas Development Group, LLC ("LVDG"), by and through their respective undersigned counsel of record, hereby stipulate as follows:

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted on a Property pursuant to NRS Chapter 116.

2. Currently pending before this Court is LVDG's Motion to Dismiss filed on March 18, 2016 (ECF No. 8). Additionally, Wells Fargo filed a Motion for Summary Judgment (ECF No. 23), which is not fully briefed.

3. On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne*

25730137

*Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding that NRS Chapter 116 is facially unconstitutional. The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

4. On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, N.A., 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

5. The *Saticoy Bay* decision by the Nevada Supreme Court conflicts directly with Ninth Circuit's ruling in *Bourne Valley*, making the issue appropriate for consideration by the United States Supreme Court. *See* Sup. Ct. Rule 10(a) & (b) (noting that the High Court will consider review when "a United States court of appeals has . . . decided an important federal question in a way that conflicts with a decision by a state court of last resort * * * [or] a state court of last resort has decided an important federal question in a way that conflicts with the decision of . . . a United States court of appeals.")

6. Both parties in *Bourne Valley* and *Saticoy Bay* believe their lawsuits should be resolved and are seeking review of the state action issue in the United States Supreme Court. Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is March 6, 2017 pursuant to an order granting an extension of time. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753. Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 26, 2017. Thus, the parties believe that the stay requested herein is appropriate.

7. On February 8, 2017, the Nevada Supreme Court issued an order staying its issuance of the remittitur pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

8. To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings. Indeed, the parties will both be enabled to avoid the cost and expense of continued legal proceedings in light of what is unsettled law to say the least. Moreover, the Court will be relieved of expending further time and effort until the conflict between the circuit and Nevada Supreme Court is resolved. Thus, a stay will benefit all parties involved herein.

b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for both parties to have finality, given the split in the state and federal court decisions. Any hardship would be equal in terms of resources expended without a stay. A stay prevents this expenditure for all parties.

c. <u>Orderly Course of Justice</u>: At the center of this case is an association foreclosure sale under NRS Chapter 116. The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case. Without a stay, the parties will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the federal issues and the state court / federal court conflict.

9. The parties agree that all proceedings, other than as set forth in paragraph 10 below, in the instant case are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court. If the Court enters an order staying this case, Wells Fargo's Motion for Summary Judgment (ECF No. 23) shall be withdrawn and may be refiled after the stay is lifted. Otherwise, Wells Fargo shall have fourteen (14) days

25730137

- 3 -

1  following an order denying the stay in which to file its reply in support of its motion.

2      10.    LVDG's pending Motion to Dismiss [ECF #8] is not withdrawn and may be ruled
3  upon at the discretion of the Court.

4      11.    Defendant LVDG shall be required to keep current on all property taxes and
5  assessments, HOA dues, and to reasonably maintain the property at issue. LVDG shall also be
6  required to provide proof of payment upon reasonable notice to counsel for Wells Fargo.

7      12.    Defendant LVDG shall be prohibited from selling or encumbering the property
8  unless otherwise ordered by the Court.

9      13.    Plaintiff Wells Fargo is prohibited from conducting a foreclosure sale on the
10  property unless otherwise ordered by the Court.

11      14.    Either party may file a written motion to lift stay at any time for either party
12  determines it appropriate.

| | |
|---|---|
| Dated: February 13, 2017. | Dated: February 13, 2017. |
| SNELL & WILMER L.L.P. | ROGER P. CROTEAU & ASSOCIATES |
| By: /s/ Wayne Klomp<br>Andrew M. Jacobs, Esq.<br>Nevada Bar No. 12787<br>Wayne Klomp, Esq.<br>Nevada Bar No. 10109<br>50 West Liberty Street, Suite 510<br>Reno, Nevada 89501<br>*Attorneys for Wells Fargo Bank, N.A.* | By: /s/ Timothy E. Rhoda<br>Roger P. Croteau, Esq.<br>Nevada Bar No. 4958<br>Timothy E. Rhoda, Esq.<br>Nevada Bar No. 7878<br>9120 West Post Rd, Suite 100<br>Las Vegas, NV 89148<br>*Attorneys for LVDG* |

## ORDER

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT** the parties' Stipulation to Stay the case is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 23), is **DENIED** without prejudice with leave to refile within twenty-one days after the stay is lifted.

**IT IS FURTHER ORDERED** that, beginning on August 14, 2017, the parties must file a joint status report updating the Court on the status of this case every one-hundred and eighty days. Along with this joint status report, Defendant LVDG shall submit a statement affirming all expenses necessary to maintain the property, including but not limited to, timely and full payment of all homeowner association assessments, property taxes, and property insurance premiums due and owing or past due at any time during the effective period of this Stay are current and up to date.

**IT IS FURTHER ORDERED** that this Order does not prevent the parties from continuing to engage in settlement conference negotiations with the assistance of the magistrate judge.

UNITED STATES DISTRICT JUDGE

DATED: February 15, 2017

25730137

- 5 -